Mr. Justice Clayton
delivered the opinion of the court.
This was a suit upon the last of a series of notes, given for the purchase-money upon the purchase of a tract of land. The vendor gave bond to make title upon payment of the purchase-money, and put the vendee in possession. Upon the trial, the defendant introduced proof to show that the plaintiff had not a valid title to the land. He asked the court to instruct the jury, “ that to entitle the plaintiff to recover, he must be able to make the defendant a good, clear, and sufficient title to the land 'in the title-bond mentioned.” This charge was refused.
It is certainly true, as argued by the counsel of the defendant in error, that a vendee who has been put in possession of land, and who has accepted a deed with covenants of general warranty of title, cannot defend a suit brought for the purchase-money, upon the ground of failure of consideration from defect of title, until he is actually evicted. Heath v. Newman, 11 S. & M. 201; Dennis v. Heath, Ib. 206. But this rule does not apply where no deed has been executed, but only a bond given for title. In the latter case, the covenants are dependent, and the party cannot be forced to part with his money until the vendor is ready to make title.
We have decided, that it is not a compliance with a covenant to make “a good and perfect deed,” to make a deed good in *278 form only. The title must be good to satisfy the undertaking. Greenwood v. Ligon, 10 S. & M. 615. If the vendee in this ease were to pay the purchase-money and sue on the title-bond, the vendor must show his title to be good, before he could be adjudged to have complied with his covenant. There is no reason why this should not be required in the present suit, so as to save the necessity of further litigation, and to guard the vendee against loss.
Where the vendee has accepted a deed, it is with an agreement, express or implied, that he will rely upon the covenants it contains; and he cannot resort to those covenants until there has been a breach.
For the error in refusing to give the instruction asked,, the judgment will be reversed, and new trial awarded.